IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                           PLAINTIFF

V.                                    NO. 4:05CR00004-01 JMM

PHILLIP CONWAY                                                                     DEFENDANT

ORDER

Defendant has filed a Motion to Reconsider Bond (docket entry #89) stating that Defendant requests reconsideration and a hearing to determine whether he can now be released with a special condition of drug treatment. The United States has responded, stating that no conditions have changed which would warrant modification of the original order of detention (docket entry #90). For the reasons stated below, the motion (**docket entry #89**) is **denied**.

Although neither the motion nor response mention it, the record reflects that Defendant entered a plea of guilty to Count I of the indictment on March 14, 2005. The plea was accepted and Defendant was adjudicated guilty (docket entry #75). Count I charges armed bank robbery through force and the use of a firearm in violation of 18 U.S.C. § 2113(a) and (d). The elements of the crime include the use of force and violence or intimidation to take money in the custody of a bank in the presence of any person. Thus, this is an offense which has as an element the use or threatened use of force against the person or property of another. Also, it is a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Defendant has, therefore, been adjudicated guilty of a "crime of violence" as defined in 18 U.S.C. § 3156 (a)(4)(A) and (B). Detention is

mandatory under 18 U.S.C. § 3143(a)(2).[1] Neither of the exceptions contained in § 3143(a)(2) apply. Further, it does not appear there are exceptional reasons why continued detention would not be appropriate, so this case does not fit the exception contained in 18 U.S.C. § 3145(c). The Eighth Circuit has made it clear that for the exception to apply, the case must be "clearly out of the ordinary, uncommon, or rare," and has held that participation in a treatment program is not an extraordinary reason. United States v. Brown, 368 F. 3d 992, 993 (8th Cir. 2004). As stated in the original order of detention (docket entry #40), Defendant carried a .38 caliber handgun which fired during the robbery. He and other defendants fled in a stolen vehicle which they wrecked during a chase, and then they tried to flee on foot. Release is simply not appropriate. Defendant's motion for reconsideration is denied.

    IT IS SO ORDERED this 30th day of June, 2005.

                                                           _____
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] That section provides:
(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f) (1) of section 3142 and is awaiting imposition or execution of sentence be detained unless-
    (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
        (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.